```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      JACKSONVILLE DIVISION
```

DONALD L. SYKES,

        Petitioner,

vs.                                      Case No. 3:11-cv-1246-J-37JRK

SECRETARY, DOC, et al.,

        Respondents.

_____

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Petitioner filed a document entitled "All Writs 28 U.S.C. § 1651(A)(B) Independent Action on Fraud (Doc. #1) (hereinafter Petition), and it was docketed as a petition for writ of mandamus. Apparently, he is seeking habeas relief pursuant to 28 U.S.C. § 1651(a), the "All Writs Act."  He is challenging his state court conviction for trafficking in heroin and cocaine from Clay County, state court case no. 03-252-CF.

Petitioner is currently in the custody of the Florida Department of Corrections and is serving a thirty-year state sentence for trafficking in drugs.[1]  Simply labeling the Petition a writ pursuant to the All Writs Act will not, however, help

---

[1] See http://www.dc.state.fl.us/ActiveInmates/detail.asp.

Petitioner avoid the requirements of 28 U.S.C. § 2254.  As noted in Medberry v. Crosby, 351 F.3d 1049, 1058 (11th Cir. 2003), cert. denied, 541 U.S. 1032 (2004), "[a]fter reviewing the relevant history, it is evident that there are two distinct means of securing post-conviction relief in the federal courts:  an application for a writ of habeas corpus (governed by inter alia, §§ 2241 and 2254) and a motion to vacate a sentence (governed by § 2255)."  This case, of course, is not a challenge to a federal prisoner's sentence; therefore, § 2255 is inapplicable.

This case is governed by both § 2241 and § 2254.

> The difference between the statutes lies in the breadth of the situations to which they apply.  Section 2241 provides that a writ of habeas corpus may issue to a prisoner in the following five situations:
>
> . . . .
>
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or . . . .
>
> 28 U.S.C. § 2241(c).  **Section 2254, on the other hand, applies to a subset of those to whom § 2241(c)(3) applies – it applies to "a person in custody *pursuant to the judgment of a State court*" who is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a) (emphasis added).**

Medberry, 351 F.3d at 1059 (emphasis added).

"Section 2254(a) merely specifies the class of state prisoners to which the additional restrictions of § 2254 apply."  Medberry,

351 F.3d at 1060. Indeed, 28 U.S.C. § 2244(d)(1) states that a one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Thus, Petitioner's habeas petition "is subject both to § 2241 and to § 2254, with its attendant restrictions[,]" Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004), cert. denied, 543 U.S. 1063 (2005), including the one-year period of limitation.

Here, of course, Petitioner is challenging a state court conviction. Apparently, he is also attempting to rely on the Great Writ to challenge his conviction. "Section 2254 presumes that federal courts already have the authority to issue the writ of habeas corpus to a state prisoner, and it applies restrictions on granting the Great Writ to certain state prisoners-*i.e.*, those who are 'in custody pursuant to the judgment of a State court.'" Medberry, 351 F.3d at 1059-60. Thus, there is "a limitation on the preexisting authority under §2241(c)(3) to grant the writ of habeas corpus to state prisoners." Id. at 1060.

Circuit precedent reveals:

> In summary, a state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus. All applications for writs of habeas corpus are governed by § 2241, which generally authorizes federal courts to grant the writ-to both federal and state prisoners. Most state prisoners' applications for writs of habeas corpus are subject also to the additional restrictions of § 2254. **That is, if**

> **a state prisoner is "in custody pursuant to the judgment of a State court," his petition is subject to § 2254.** If, however, a prisoner is in prison pursuant to something other than a judgment of a state court, *e.g.*, a pre-trial bond order, then his petition is not subject to § 2254.

Id. at 1062 (emphasis added). There is no question that Petitioner is a state prisoner in custody pursuant to the judgment of a state court. It follows his petition for writ of habeas corpus is subject to 28 U.S.C. § 2254.

If Petitioner is attempting to raise his claims pursuant to the All Writs Act, 28 U.S.C. § 1651,

> The All Writs Act grants federal courts the power to issue writs "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). However, "[t]he All Writs Acts [sic] is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Pennsylvania Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43, 106 S.Ct. 355, 361, 88 L.Ed.2d 189 (1985). Although the Act "empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate." Id. Accordingly, common law writs, such as *coram nobis* and *audita querela*, survive only to the extent that they fills [sic] gaps in the system of federal post-conviction remedies. See United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (holding that the common law "writ of *audita querala* may not be granted when relief is cognizable under § 2255"). Moreover, the Act

>does not create any substantive federal jurisdiction; "rather, it empowers a federal court-in a case in which it is already exercising subject matter jurisdiction-to enter such orders as are necessary to aid it in the exercise of such jurisdiction." <u>In re Hill</u>, 437 F.3d 1080, 1083 (11th Cir. 2006).

<u>Morales v. Florida Dep't of Corr.</u>, 346 Fed.Appx. 539, 540 (11th Cir. 2009) (per curiam) (not selected for publication in the Federal Reporter), <u>cert</u>. <u>denied</u>, 131 S.Ct. 156 (2010). Because Petitioner has an adequate statutory remedy for attacking his conviction pursuant to 28 U.S.C. § 2254, he may not raise his claims pursuant to the All Writs Act.

Simply, Petitioner must meet the requirements of 28 U.S.C. § 2254. Petitioner is currently seeking habeas relief in this Court through a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. The Court takes judicial notice of Case No. 3:09-cv-568-J-32JRK.[2] Any relief concerning Petitioner's conviction should be sought in that case, not by raising a separate habeas petition.

Accordingly, it is now

**ORDERED**:

---

[2] Petitioner has repeatedly attempted to challenge his conviction or raise claims of fake or fraudulent documents through various means, all of which have been rejected by this Court. <u>See</u> Case No. 3:06-cv-1070-J-12MMH, dismissed as frivolous; 3:08-cv-107-J-33HTS, not entitled to mandamus relief; 3:07-cv-975-J-33HTS, not entitled to emergency relief; and 3:10-cv-383-J-99TJC-TEM, not entitled to a *writ quo warranto.* Petitioner has but one remedy, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and he has a pending post-conviction motion in this Court, Case No. 3:09-cv-568-J-32JRK.

1. This case is **DISMISSED WITHOUT PREJUDICE.**

2. The Clerk of the Court shall enter judgment dismissing the case without prejudice and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of January, 2012.

ROY B. DALTON JR.
United States District Judge

sa 1/4
c:
Donald L. Sykes